[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15393
Non-Argument Calendar

_____

D. C. Docket No. 99-00001-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRELL GAULDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 5, 2009)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Derrell Gaulden, a pro se federal prisoner convicted of crack cocaine and firearm offenses, appeals the district court's denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

Gaulden's original total offense level of 38 derived from a base offense level of 36 for possession of at least 500 grams, but less than 1.5 kilograms of crack cocaine, and a two-level enhancement for possession of a dangerous weapon. With a criminal history category of II, Gaulden's guidelines range was 262 to 327 months. The district court sentenced him to 327 months in addition to a consecutive 60 months for carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c).[1]

In his section 3582(c)(2) motion, Gaulden sought a sentence reduction pursuant to both Amendments 599 and 706. The district court calculated Gaulden's new offense level at 36 with a resulting guidelines range of 210 to 262 months. After considering the 18 U.S.C. § 3553(a) factors relied on at Gaulden's original sentencing -- the large quantity of crack cocaine involved in his offenses and the danger he presented to the community evidenced by his repeated and threatened acts of violence -- the court chose not to lower Gaulden's sentence.

On appeal, Gaulden argues he qualified for a reduction under Amendment

---

[1]Gaulden also was convicted of a drive-by shooting offense and possession with intent to distribute cocaine, for which his sentences ran concurrently to his crack cocaine sentences.

599 and that the district court erred by failing to consider the applicability of this amendment. He also argues that the district court abused its discretion by not lowering his sentence pursuant to Amendment 706.[2] We review de novo the district court's legal conclusions about the scope of its authority under the Sentencing Guidelines in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). If a sentence reduction is authorized, we review the district court's decision to grant or deny a reduction for an abuse of discretion. Id. at 984 n.1.

Under section 3582(c)(2), a district court has discretion to reduce a term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 599 retroactively prohibited certain firearm enhancements under U.S.S.G. § 2K2.4. See U.S.S.G. § App. C, Amend. 599; see also id. at Reason for Amend. ("[t]he amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the [section] 924(c) conviction").

---

[2]Gaulden also argues that the district court violated his Sixth Amendment rights by not appointing counsel for him in his section 3582(c)(2) proceedings. But a defendant does not have a constitutional right to appointment of counsel to represent him on a motion to reduce sentence. See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009).

And Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guidelines range and holding constant all other guidelines determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. Id.

Here, the district court made no mention of Amendment 599 in its order denying Gaulden's motion; but a review of the record makes clear that this amendment did not apply to him. Gaulden received a two-level firearm enhancement for several weapons discovered near his crack cocaine laboratory and for the firearm involved in the drive-by shooting offense: these firearms were connected to his crack cocaine offenses. See U.S.S.G. § 2D1.1(b)(1). But he did not receive an enhancement for his conviction for possession with intent to

4

distribute cocaine, which was the underlying offense for his section 924(c) conviction. See United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (if the defendant's underlying sentence is not enhanced based on the involvement of a weapon, Amendment 599 does not apply). So, because Amendment 599 did not apply, the district court's failure to address it was harmless error; and Gaulden's substantial rights were not affected. See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (we will not remand based on a harmless error); United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998) ("[t]o find harmless error, we must determine that the error did not affect the substantial rights of the part[y]").

And we conclude that the district court abused no discretion in refusing to reduce Gaulden's sentence under Amendment 706. The court calculated correctly Gaulden's amended guidelines range by reducing his base offense level to the corresponding drug quantity and keeping constant other sentencing calculations. See U.S.S.G. § 2D1.1(c)(3). And the court considered certain section 3553(a) factors -- specifically, the large quantity of drugs involved and the danger Gaulden posed to the community based on his previous violence -- in concluding that Gaulden was unentitled to a sentence reduction. The district court was permitted to consider factors previously considered in imposing Gaulden's original sentence.

See Vautier, 144 F.3d at 762 (upholding a district court's decision to deny a section 3582(c)(2) motion for the same reasons it relied on to establish the original sentence).

The district court complied with the required two-step resentencing procedure and sufficiently explained why the court refused to reduce Gaulden's sentence.[3]

AFFIRMED.

---

[3]Gaulden's challenges to his criminal history category and the drug quantity attributable to him are beyond scope of a section 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that a sentencing reduction under section 3582(c)(2) is not a de novo resentencing and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").